ISADORE JAMES v. THE STATE.

No. 6833.    Decided June 7, 1922.

**Burglary—Insufficiency of the Evidence.**

Where, upon trial of burglary, the evidence was insufficient to sustain the conviction, the judgment is reversed and the cause remanded.

Appeal from the District Court of Lamar; tried below before the Honorable Ben H. Denton.

Appeal from a conviction of burglary; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*B. B. Sturgeon,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant is sentenced to confinement in the penitentiary for a period of four years for the offense of burglary.

An iron safe weighing about 400 pounds was taken at night-time from the premises of one Eb Clarkson. It was carried some distance in the country and opened, and its contents, amounting to about $3 in money, stolen. The safe was found by officers, and its condition

was described by them. A rain had fallen and the ground was muddy. The officers traced by its tracks, an automobile from the place near that at which the safe was found to the garage which belonged to a negro woman, who, we understand from the record, was appellant's mother. In this garage the automobile belonging to the mother of appellant, and at times used by him, was found. It bore evidence of recent use. A substance like asbestos, corresponding with that coming out of the safe, was found about the car. What was described as "steel dust" was found under the carpet in the automobile, and a saw and pinch bar were found in the garage. In a room over the garage and reached by a stairway from the outside, appellant and another negro were sleeping. They were found in bed. There were wet clothes in the room.

Appellant testified denying any connection with the burglary, stating that he had been playing ball and a rain came up which caused him to get wet; that after the rain he was requested by a friend to go with him and haul the friend's automobile which had stopped running, and that he complied with this request soon after the rain, · bringing his friend Hearon's car to the premises near the garage, and putting his mother's car in the garage, after which he saw nothing of it.

Appellant and Hearon were taken in custody. Hearon, on being kicked and cursed by one of the officers, fled and was shot. Appellant was taken by the officers into the woods, his hands handcuffed around a tree and told that he would be shot if he did not confess the crime. He denied it however.

The evidence showed that the saw had been borrowed by one Reed from a man named Griffis for the purpose of cutting bolts off the car. The automobile belonging to Hearon was found in the yard. Upon this evidence, the appellant insists that the circumstances proved do not exclude every reasonable hypothesis arising from the evidence save that of the guilt of the appellant. We regard this as true. The circumstance indicating that the automobile had been used in committing the offense was sufficient, but those connecting the appellant wtih the crime are inconclusive. He was found in possession of none of the stolen property; the weight of the safe and the nature of the offense were such that it could not have been committed by him alone. He did not have the exclusive use and control of the car; he was not seen in possession of it except early in the evening. He explained the use to which it was put at that time by stating that another car was hauled in. To a certain degree, the physical facts and the presence of the other car corroborated this statement. The effort to bring in Hearon's car also explained the moisture on the shoes and clothes of the appellant. (The car was accessible to others; the garage was unlocked, and manifestly as above stated, he alone could not have committed the offense.) The evidence is not conclusive to the degree

required in a case depending wholly upon circumstantial evidence that it was not committed by others without his co-operation. None of the instruments used in the commission of the crime was shown to have been in the custody or possession of the appellant. They were in the garage, and his room above the garage was separate and reached by a different entrance. The mere fact that he slept there; that his shoes were muddy and his clothes wet; that he had used the automobile in the evening are not sufficient, tested by the rules governing circumstantial evidence to overcome the presumption of innocence and point to a moral certainty to his guilt.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*